UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Marvin Howard, et al.,

        *Plaintiffs,*

    v.

Wells Fargo Bank, N.A.,

        *Defendant.*

Civil Action No. 23-cv-
2900 (MEF)(JRA)


OPINION and ORDER

## Table of Contents

I.   Background
    A.   Procedural History
    B.   The Motion
    C.   The Governing Law
II.  Claim Preclusion
    A.   Valid, Final, and on the Merits
    B.   Same Parties
    C.   Same Occurrence
        1.   State Claims
        2.   Constitutional Claims
        3.   RESPA
    D.   The Plaintiffs' Counterargument
III. Conclusion

\*    \*    \*

A state court entered a foreclosure judgment against two
homeowners.

The homeowners appealed but did not prevail, and a separate state court lawsuit got the same result.

The homeowners then challenged the foreclosure before this Court.

The Defendant in this case, a bank, now moves to dismiss, arguing that the various state court decisions bar the homeowners from contesting the foreclosure again.

The motion is granted.

*     *     *

I.   **Background**

   A.   **Procedural History**

Start with a summary of the state court cases, each filed in New Jersey.

In the first case, referred to here as Howard I, the Chancery Division entered a default foreclosure judgment in 2018 in favor of a bank[1] and against two homeowners.[2]  See Wells Fargo Bank, N.A. v. Howard, 2021 WL 203184, at *1 (N.J. Super. Ct. App. Div. Jan. 21, 2021).  The home in question was then sold in a sheriff's sale.  See id.

The homeowners responded by moving to vacate the sale.  See id. The court denied the motion in 2019, because the homeowners "failed to establish any basis for vacating the otherwise valid sheriff's sale." Id. at *2.

The Appellate Division affirmed.  Id. at *3.

The second case, called here Howard II, was filed by one of the homeowners against the bank.  He argued the bank did not have an interest in the home, and therefore could not lawfully foreclose on it.  See Howard v. Wells Fargo Bank, N.A., 2021 WL 4073608, at *1 (N.J. Super. Ct. App. Div. Sept. 8, 2021).

The court dismissed the case as barred by various preclusion doctrines.  See id. at *2.

---

[1]  The bank is Wells Fargo Bank, N.A.

[2]  The homeowners are Marvin Howard and Pamela Howard.

2

He filed an appeal, and the Appellate Division affirmed, explaining that the prior case had "concluded the foreclosure and sheriff's sale of this property." Id. at *3.

The homeowners then filed this case, suing the bank to again challenge the foreclosure.

From here, the homeowners are referred to as "the Plaintiffs," and the bank is referred to as "the Defendant."[3]

**B.    The Motion**

The Defendant now moves to dismiss this case, arguing that the Plaintiffs' claims could have been pressed in state court, in Howard I, and therefore may not be brought here. See Motion to Dismiss at 10-13.[4]

**C.    The Governing Law**

To evaluate the Defendant's claim preclusion argument, the Court looks to the law of the state where the judgment was entered. See, e.g., Marrese v. Am. Acad. of Orthopedic Surgeons, 470 U.S.

---

[3]  The Plaintiffs-homeowners are Marvin Howard and Pamela Howard, and the Defendant-bank is Wells Fargo Bank, N.A.  The Plaintiffs are pro se, so the Court hews to its "well-established" obligation to construe their pleadings and papers in a broad-minded way. See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011) (cleaned up).

[4]  The Defendant also argues that this Court does not have subject matter jurisdiction. See Motion to Dismiss at 6 (invoking the Rooker-Feldman doctrine).  Jurisdictional questions must generally be answered before any others. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-101 (1998).  But in the Third Circuit, a court is "permitted to 'bypass' the jurisdictional inquiry in favor of a non-merits dismissal on claim preclusion grounds." Hoffman v. Nordic Nats., Inc., 837 F.3d 272, 277 (3d Cir. 2016); see also Kajla v. U.S. Bank Nat'l Ass'n as Tr. for Credit Suisse First Bos. MBS ARMT 2005-8, 806 F. App'x 101, 104 (3d Cir. 2020) ("While the District Court concluded that it lacked subject matter jurisdiction . . . [due to the Rooker-Feldman doctrine], we need not reach that question [because the relevant] Counts are barred by . . . claim preclusion[.]").  As set out below, see Part II, the Court will dismiss this case based on preclusion. Therefore, there is no need to reach the Rooker-Feldman issue.

373, 375 (1985); <u>Sec'y U.S. Dep't of Lab.</u> v. <u>Kwasny</u>, 853 F.3d 87, 94 (3d Cir. 2017).

Here, that is New Jersey.

In interpreting New Jersey preclusion law, this Court's role is to apply the law as the New Jersey Supreme Court has set it out. <u>See</u> <u>Spence</u> v. <u>ESAB Grp., Inc.</u>, 623 F.3d 212, 216 (3d Cir. 2010).

## II.   **Preclusion**

Per the New Jersey Supreme Court, for claim preclusion to apply "(1) the judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one." <u>McNeil</u> v. <u>Legis. Apportionment Comm'n of the State of N.J.</u>, 177 N.J. 364, 395 (2003) (cleaned up).

Take these three below, each in turn.

### A.   **Valid, Final, and on the Merits**

The first part of the just-referenced test is satisfied because the court in <u>Howard I</u>, <u>see</u> Part I.A, entered a judgment that was "valid, final, and on the merits."

\*      \*      \*

The Plaintiffs do not contend <u>Howard I</u> was not "valid" --- because, for example, the court there lacked jurisdiction.  <u>See generally</u> <u>Valesquez</u> v. <u>Franz</u>, 123 N.J. 498, 505 (N.J. 1991) ("the doctrine of [claim preclusion] provides that a cause of action between parties that has been finally determined on the merits by a tribunal having jurisdiction cannot be relitigated by those parties or their privies in a new proceeding"); <u>Second Nat'l Bank of Phila.</u> v. <u>Thompson</u>, 141 N.J. Eq. 188, 198 (Ch. 1947) ("One of the essential elements of the defense of res adjudicata is that the judgment in question be one given upon the matter within the jurisdiction of the court.").

And similarly, the Plaintiffs do not argue <u>Howard I</u> was something other than "final."  And with good reason --- the decision was entered in 2019, affirmed in 2021, and does not purport to have been tentative or contingent in any way.  It has long been final.

\*      \*      \*

The last question: was the <u>Howard I</u> decision "on the merits"?

4

Here, there is a wrinkle.

The reason: in Howard I the foreclosure judgment was a default judgment, and the New Jersey Supreme Court has not determined whether a default judgment counts as a judgment on the merits for the purpose of claim preclusion law.

Where the New Jersey Supreme Court has not reached and resolved a particular question of law, this Court must predict how the Supreme Court would answer the question, and proceed in light of the prediction.  See Gov't Emps. Ins. Co. v. Mount Prospect Chiropractic Ctr., P.A., 2024 WL 1819645, at *1 (3d Cir. Apr. 26, 2024).

This Court's prediction: the Supreme Court will hold that a default judgment is on the merits.

There are four reasons for this prediction.

First, it is a bedrock principle of New Jersey law, running back nearly a century, that a default judgment counts is on the merits for claim preclusion purposes.  See, e.g., Evangel Baptist Church v. Chambers, 96 N.J. Super. 367, 370–71 (Ch. Div. 1967) (holding that a default judgement as to an interest in land had claim preclusive effects, and stating the court "found no authority indicating that a default judgment, properly entered, has any less binding effect upon possible future interests in land than a judgment entered in a contested matter"); Girard Tr. Co. v. McGeorge, 128 N.J. Eq. 91, 101 (Ch. 1940) ("It is quite true that a judgment by default is just as conclusive an adjudication between the parties of whatever is essential to support the judgment as one rendered after answer and contest."); Riverside Apartment Corp. v. Capitol Constr. Co., 107 N.J. Eq. 405, 415 (Ch. 1930) (holding that a default judgement giving priority to a lien on property was conclusive in a later suit for foreclosure), aff'd, 110 N.J. Eq. 67 (1932).

Lower state court decisions can be a solid data point from which to predict how the highest state court will rule.  See generally In re Energy Future Holdings Corp., 842 F.3d 247, 254 (3d Cir. 2016); Nationwide Mut. Ins. Co. v. Buffetta, 230 F.3d 634, 637 (3d Cir. 2000); see also Lopez v. Corozal Auto Repair Inc., 2024 WL 1930844, at *12 (D.N.J. May 2, 2024); Schulman v. Zoetis, Inc., 2023 WL 4539476, at *2 (D.N.J. July 14, 2023).  And all the more so here, where the lower court decisions reflect a stable and long-term consensus as to what the state's law is.

Second, note that federal courts applying New Jersey law have routinely held that default judgments count as on the merits. See Ezekwo v. Caliber Home Loans, Inc., 2021 WL 2390053, at *5

(D.N.J. June 11, 2021) (holding a foreclosure judgment entered by default was a final, valid judgement on the merits); Keyes v. Nationstar Mortg., LLC, 2020 WL 6111036, at *7 (D.N.J. Oct. 16, 2020) ("the rule in New Jersey is that a default judgment is a valid and final adjudication on the merits" and therefore has res judicata effect barring future litigation") (cleaned up); Mason v. US Bank, 2016 WL 7189828, at *5 (D.N.J. Dec. 12, 2016) (same); Marte v. Deutsche Bank Nat'l Tr. Co., 2016 WL 6403082, at *3 n.5 (D.N.J. Oct. 26, 2016) (same); Adkins v. Sogliuzzo, 2013 WL 5468970, at *7 (D.N.J. Sept. 30, 2013) (same); Garris-Bey v. Aurora Loan Servs., LLC, 2012 WL 694719, at *2 (D.N.J. Mar. 1, 2012) (same); Dennis v. MERS/Merscorp Mortg. Elec. Registration Sys., Inc., 2011 WL 4905711, at *2 (D.N.J. Oct. 13, 2011) (same); Tagayun v. Citibank, N.A., 2006 WL 5100512, at *4 (D.N.J. June 9, 2006) (same); In re Miloszar, 238 B.R. 266, 269 (D.N.J. 1999) (same); In re Hawkins, 231 B.R. 222, 229-30 (D.N.J. 1999) (same); In re Crispino, 160 B.R. 749, 753 (Bankr. D.N.J. 1993) (same).

Federal courts' interpretation of state law is another piece of steady ground from which to predict how a state supreme court will rule. See, e.g., In re Energy Future Holdings Corp., 842 F.3d at 254; Schulman, 2023 WL 4539476, at *6 ("In predicting how a matter would be decided under state law we examine . . . federal . . . district court cases interpreting the state law.") (cleaned up); see also Tryp Hotels Worldwide, Inc. v. Sebastian Hotel, LLC, 2024 WL 1327311, at *10 (D.N.J. Mar. 28, 2024); Pinkston v. City of Jersey City, 2023 WL 6888265, at *6 (D.N.J. Oct. 18, 2023); cf. MacGregor v. State Mut. Life Assuranced Co. of Worcester, Mass., 315 U.S. 280, 281 (1942) ("In the absence of [on-point state court decisions] . . . , we shall leave undisturbed the interpretation placed upon purely local law by a Michigan federal judge of long experience and by three circuit judges whose circuit includes Michigan."); Factors Etc., Inc. v. Pro Arts, Inc., 652 F.2d 278, 281 (2d Cir. 1981) ("considerable weight [should be given] to state law rulings made by district judges . . . who possess familiarity with the law of the state in which their district is located").

Third, under federal common law, preclusion can generally be invoked based on a default judgement. See Shah v. United States, 540 F. App'x 91, 93 (3d Cir. 2013) ("it has long been [federal] law that default judgments can support res judicata").

And where one jurisdiction approaches a question in a particular way, that can be a basis for concluding that another

jurisdiction will take the same approach.[5]  See In re Energy
Future Holdings Corp., 842 F.3d at 254 (looking to "decisions
from other jurisdictions that have discussed the issue")
(cleaned up); Tryp Hotels Worldwide, Inc., 2024 WL 1327311, at
*10 ("look[ing] to how other jurisdictions have proceeded");
Smith v. CitiMortgage, Inc., 2023 WL 7619155, at *6 (D.N.J. Nov.
14, 2023) ("A . . . source from which the Court can predict how
the Supreme Court of New Jersey would resolve the relevant issue
looks to how other courts, in other parts of the country, have
resolved the issue.").

Fourth and finally, the New Jersey Supreme Court has applied the
entire controversy doctrine where the prior case was resolved in
part by default judgment, see Mortgagelinq Corp. v. Commonwealth
Land Title Ins. Co., 142 N.J. 336, 342 n.2, 348 (1995), and New
Jersey's entire controversy rule is tightly linked to its claim
preclusion jurisprudence.  See generally Bank Leumi USA v.
Kloss, 243 N.J. 218, 227 (2020); Prevratil v. Mohr, 145 N.J.
180, 187 (1996); Rycoline Prods., Inc. v. C & W Unlimited, 109
F.3d 883, 886 (3d Cir. 1997).

This is clarifying.  Where a legal problem (how to think about
default judgments) is handled in a certain way in one area of
law (the entire controversy doctrine) --- that can suggest it
will be handled in a similar way in another, closely-adjacent
area of law (claim preclusion).  See Schulman, 2023 WL 4539476,
at *5 (looking to "analogous decisions"); cf. Packard v.
Provident Nat'l Bank, 994 F.2d 1039, 1046 (3d Cir. 1993).

In short: decisions of lower state courts and federal courts,
plus federal common law and the New Jersey Supreme Court's
approach to a related body of law --- all of these point in the
same direction.

In light of this, the Court predicts: the New Jersey Supreme
Court would hold that under New Jersey law a default judgment
counts as a judgment on the merits for claim preclusion
purposes.

*     *     *

---

[5]  This principle applies with special force here, because of the
close similarity between the two relevant bodies of law, federal
and New Jersey preclusion law.  See generally Watkins v. Resort
Int'l Hotel & Casino, Inc., 124 N.J. 398, 412 (1991) ("[f]ederal
law requires the same three basic elements as New Jersey [claim
preclusion] law").

What the above adds up to: the first part of the claim
preclusion test is satisfied as to Howard I.  It was "valid,
final, and on the merits."

### B.   **Same Parties**

Turn now to the next step of the analysis: were "the parties in
the later action . . . identical to . . . those in the prior
action"?  McNeil, 177 N.J. at 395 (cleaned up).

Yes.

In this action, the parties are Wells Fargo Bank, N.A., Marvin
Howard, and Pamela Howard.  See Complaint at 1.

In Howard I, the parties were Wells Fargo Bank, N.A., Marvin
Howard, and Pamela Howard.  See Howard I, 2021 WL 203184, at *1.

### C.   **Same Occurrence**

For claim preclusion to apply, there is a final piece: "the
claim in the later action must grow out of the same . . .
occurrence as the claim in the earlier one."  McNeil, 177 N.J.
at 395 (cleaned up).

Break this into its pieces, starting with "the claim[s] in the
later action."  Id.

Those are the Plaintiffs' claims in this case.  There are six:
(1) for a declaratory judgement that the Defendant had no
interest in the foreclosed-on property, see Complaint at ¶¶ 74–
75; (2) an intentional infliction of emotional distress claim,
see id. at ¶¶ 58-70; (3) a constitutional takings claim, see id.
at 52-56; (4) and (5) two constitutional due process claims, see
id. at 26-45, 47-50;[6] and (6) a federal Real Estate Settlement
Procedures Act ("RESPA") claim.  See id. at ¶¶ 77-84.

---

[6]  The Court construes Counts I and II of the complaint as claims
under the Due Process Clause for deprivation of property and
violations of civil rights.  See Response in Opposition at 4-5
("Plaintiffs bring forth claims arising under federal law,
namely violations of constitutionally protected rights.").
Count I could potentially be interpreted as a state law claim
for wrongful foreclosure, independent of a constitutional claim.
But if it was, that would make no difference to the outcome
here.

Next, consider the "occurrence" in the earlier case.  See McNeil 177 N.J. at 395.  That was the foreclosure.  See Howard I, 2021 WL 203184, at *1; Howard II, 2021 WL 4073608, at *1, *3.

Do the six claims here, listed just above, "grow out of the same . . . occurrence," the foreclosure, as the claims in the earlier case, Howard I?

To answer, take each claim in turn.

### 1.   Prior Claims

The first two claims stand on distinct footing.

They are precisely the same claims that were pressed in Howard II.  Compare Complaint ¶¶ 58-75 with Howard II Complaint ¶¶ 53-63, 80-90.  And in Howard II, the Appellate Division held these two claims were related to the foreclosure, and therefore were precluded and could not be re-litigated.  See Howard II, 2021 WL 4073608, at *1, *3.

It would make little sense for this Court, applying New Jersey preclusion law, to disregard the New Jersey Appellate Division's conclusion that the two claims are indeed precluded as a matter of New Jersey law.[7]

### 2.   Constitutional Claims

The Plaintiffs' next three claims are federal constitutional claims, under the Takings and Due Process Clauses.[8]

---

[7]  Even apart from looking to the Appellate Division's ruling, the claims pressed in Howard II and again here are clearly precluded.  The Plaintiffs in this case seek a declaration "that Defendant had no . . . interest in the subject property." Complaint ¶ 75.  And the intentional infliction of emotional distress claim they press is based on the allegation that they were harmed because the Defendant "assert[ed] a claim in interest in real property" that it did not have.  Id. at ¶¶ 62, 66-70.  But these boil down to an attempt to re-do the foreclosure --- which necessarily rested, as all foreclosure judgments do, see below, on the conclusion that the private party seeking foreclosure (the Defendant-bank) did have a bona fide interest in the property.

[8]  These claims can only go forward if there is state action. See generally Civil Rights Cases, 109 U.S. 3, 11 (1883). Whether there is or is not state action here is a merits

9

The core of these claims: the Defendant "illegally foreclos[ed]
on the subject property" because it did not have "any right or
interest in [it]."  Complaint ¶¶ 53-54 (Takings Clause
challenge); see also id. ¶¶ 26, 38, 42 (the Defendant did not
have any "interest in the subject property" and therefore the
foreclosure action was "illegally commenced and completed" in
violation of the Due Process Clause because the Defendant
"lacked the requisite standing to foreclose").[9]

But this is at bottom an effort to re-litigate the foreclosure.

The reason: arguing the bank did not have an interest in the
relevant property (as the Plaintiffs contend here) is
essentially the same thing as arguing that the bank's
foreclosure was improper (as against the state court's decision
to the contrary in Howard I).

Why?  Because the background legal principle, as noted by the
Plaintiffs, is that for a private party "[t]o conduct a
foreclosure action and seek possession of real property, a
person or entity must have the legal authority to assert said
interest."  Complaint ¶ 29; accord, e.g., U.S. Bank Tr., N.A. as
Tr. for LSF9 Master Participation Tr. v. Thomas, 2018 WL
2422133, at *2-3 (N.J. Super. Ct. App. Div. May 30, 2018); U.S.
Bank Nat'l Ass'n v. Lorrea, 2017 WL 836189, at *3 (N.J. Super.
Ct. App. Div. Mar. 3, 2017); Deutsche Bank Tr. Co. Am. v.
Angeles, 428 N.J. Super. 315, 319-20 (App. Div. 2012); Wells
Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div.
2011).

Given this principle, the Plaintiffs' claim here, that the bank
did not have an interest in the property, adds up to an argument
that the Howard I judgment was wrong.

But this is precisely the sort of de facto re-litigation that
New Jersey preclusion law works to cut off at the pass, before
it gets going.

Per the New Jersey Supreme Court: "[i]f, under various theories,
a litigant seeks to remedy a single wrong, then that litigant
should present all theories in the first action.  Otherwise,

---

question.  But merits questions are not currently before the
Court.  See footnote four.

[9]  There are two Due Process claims.  But the second Due Process
claim does not lay out meaningful factual allegations that are
not contained in the first.  Compare Complaint ¶¶ 25-45  with
id. at ¶¶ 46-50.  The claims are all-but duplicates.

theories not raised will be precluded in a later action."
McNeil, 177 N.J. at 395 (cleaned up).

That principle controls this case.  The claims in the state
court cases, and the federal constitutional claims advanced
here, are different efforts "to remedy a single wrong" --- the
underlying foreclosure.  The first of those efforts, the state
court proceedings, wrapped up years ago.  And under New Jersey
law, those efforts preclude the Plaintiffs' current efforts, to
push forward their federal claims by means of this lawsuit.

### 3.   RESPA

Finally, take the sixth claim, under RESPA.

As to this claim, the Plaintiffs allege they conveyed their
opposition to the foreclosure proceedings to the Defendant, and
the Defendant ignored their communications.  See Complaint ¶¶
77-79.

This claim may or may not be barred under New Jersey claim
preclusion law.  Cf. Manu v. Nat'l City Bank of Indiana, 471 F.
App'x 101, 103, 105-06 (3d Cir. 2012) (holding a RESPA claim was
precluded by a prior foreclosure judgment under Pennsylvania
claim preclusion law, the relevant elements of which, as
described by the Third Circuit, appear the same as the elements
of claim preclusion under New Jersey law).

But it is certainly barred by the "broad[er]," Murray v. Crystex
Composites, LLC, 618 F. Supp. 2d 352, 357 (D.N.J. 2009), New
Jersey entire controversy doctrine.

Under that doctrine, a claim that was "germane" to a foreclosure
proceeding cannot be raised in subsequent litigation.  This
includes a RESPA claim.  Judge McNulty has persuasively
explained why, see Siljee v. Atl. Stewardship Bank, 2016 WL
2770806, at *8 (D.N.J. May 12, 2016) (construing Leisure Tech.
Ne., Inc. v. Klingbeil Holding Co., 137 N.J. Super. 353, 358
(App. Div. 1975) and Coleman v. Chase Home Fin., LLC ex rel.
Chase Manhattan Mortg. Corp., 446 F. App'x. 469 (3d Cir. 2011)),
and numerous other cases have taken the same tack.  See, e.g.,
Sparkman v. Wells Fargo Bank, N.A., 2022 WL 4445402, at *5
(D.N.J. Sept. 23, 2022) (holding the plaintiff's RESPA claim was
barred by the entire controversy doctrine because it was germane
to the state foreclosure proceeding); Vasquez Rodriguez v. Wells
Fargo Bank, N.A., 2019 WL 1529846, at *4 (D.N.J. Apr. 9, 2019)
(same); Gonzalez v. Wells Fargo Home Mortg., 2019 WL 4196142, at
*3-4 (D.N.J. July 25, 2019) (same); Collas v. Wells Fargo Bank,
N.A., 2018 WL 6499706, at *4 (D.N.J. Dec. 11, 2018) (same);

Puche v. Wells Fargo NA, 256 F. Supp. 3d 540, 549-50 (D.N.J. 2017) (same); Fraize v. Gov't Nat'l Mortg. Ass'n, 2016 WL 958392, at *2, *9 (D.N.J. Mar. 14, 2016) (same).

*     *     *

Bottom line: the Plaintiffs' first five claims are barred by New Jersey claim preclusion law, and the Plaintiffs' sixth claim is barred by New Jersey's entire controversy doctrine.

### D.    **The Plaintiffs' Counterargument**

Against the conclusion set out just above, the Plaintiffs' main counterargument is that they cannot be precluded here because they could not have brought in state court the six claims they now press.  See Response in Opposition at 4-5.

But the Plaintiffs' first two claims, for intentional infliction of emotional distress and for a declaratory judgment, were brought in Howard II.  And in Howard II, the Appellate Division held that those claims "could have been raised" in the Howard I Chancery Division foreclosure proceedings.  See Howard II, 2021 WL 4073608, at *3 (emphasis added).

There is no reason to think that holding about what could have been pressed in Howard I was somehow erroneous.

Indeed, it seems plainly correct.  See, e.g., Zawa Invs., LLC v. HS Invs. Grp., Inc., 2023 WL 6930311, at *1 (N.J. Super. Ct. App. Div. Oct. 19, 2023) (counterclaim for intentional infliction of emotional distress brought in foreclosure proceeding in the Chancery Division); N.J. Home Builders Ass'n. v. Div. of Civil Right in Dep't of Educ. of State, 81 N.J. Super. 243 (Ch. Div. 1963) (declaratory judgement action brought in the Chancery Division).

The Plaintiffs' federal constitutional claims could likewise have been brought as part of the Howard I Chancery Division foreclosure proceedings.  See, e.g., Deach, LLC v. Holland, 2022 WL 17838443 (N.J. Super. Ct. App. Div. Dec. 22, 2022) (Due Process claim raised in motion to vacate foreclosure judgement in Chancery Division); U.S. Bank Nat'l Ass'n v. Curcio, 444 N.J. Super. 94 (App. Div. 2016) (same); City of East Orange v. Kynor, 383 N.J. Super. 639 (App. Div. 2006) (same); Coryell, L.L.C. v. Curry, 391 N.J. Super 72 (App. Div. 2006) (same); Rogan Equities Inc. v. Santini, 289 N.J. Super. 95 (App. Div. 1996) (same); Twp. of Jefferson v. Block 447A, Lot 10, 228 N.J. Super. 1 (App. Div. 1988) (same); see also 257-261 20th Ave. Realty, LLC v. Roberto, 477 N.J. Super. 339 (App. Div. 2023) (claim challenging

12

a state law as violating the Takings Clause raised in tax
foreclosure proceeding in the Chancery Division).

And the same is true for the RESPA claim --- it could have been
raised in the Howard I Chancery litigation. See U.S. Bank Nat'l
Ass'n as Tr. of NRZ Passthrough Trust II v. D'Ambrosia, 2022 WL
534042 (N.J. Super. Ct. App. Div. Feb. 23, 2022) (RESPA
counterclaim brought in foreclosure proceeding in Chancery
Division); U.S. Bank Nat'l Ass'n for CSAB 2006-4 v. Ferreira,
2017 WL 3297712 (N.J. Super. Ct. App. Div. Aug. 3, 2017) (RESPA
claim brought in motion to vacate sheriff's sale in foreclosure
proceeding in Chancery Division).[10]

---

[10]   The breadth of Chancery Division jurisdiction is not
surprising.  Chancery has jurisdiction over foreclosure
proceedings, see generally Customers Bank v. Reitnour Inv.
Props., LP, 453 N.J. Super. 338, 348 (App. Div. 2018)
("[f]oreclosure is an equitable remedy") (cleaned up), and "once
the Chancery Division asserts jurisdiction over a complaint
seeking equitable relief, it has the power to dispose of
ancillary legal claims." Brennan v. Orban, 145 N.J. 282, 293
(1996); see also Boardwalk Props., Inc. v. BPHC Acquisition,
Inc., 253 N.J. Super. 515, 526 (App. Div. 1991) ("[t]he
jurisdiction of the Chancery Division to adjudicate all
controversies brought before it and render both legal and
equitable remedies is co-extensive with that of the Law
Division"); Unsatisfied Claim & Judgment Fund Bd. v. Concord
Ins. Co., 110 N.J. Super 191, 195 (Law Div. 1970) ("[O]ur State
Constitution . . . gives to each Division of the Superior Court
[Chancery and Law] the Power to exercise the functions of the
other," and it is therefore "well accepted that jurisdiction
over one issue allows the court to decide as to all issues").
And note: federal law does not change the picture.  State courts
are "entrusted" to adjudicate federal constitutional claims.
Haywood v. Drown, 556 U.S. 729, 735 (2009).  And RESPA claims
can be brought in state court.  See 12 U.S.C. § 2614 ("Any
action pursuant to [the relevant] provisions of [RESPA] . . .
may be brought in the United States district court or in any
other court of competent jurisdiction"); Archer v. Am. First
Fed. Credit Union, 845 F. App'x 815, 817 (11th Cir. 2021)
("federal and state courts have concurrent jurisdiction over
Real Estate Settlement Procedure Act claims"); see generally
Litgo N.J. Inc. v. Comm'r of N.J. Dept. of Env't Prot., 725 F.3d
369, 394 (3d Cir. 2013) ("Under our federal system, there is a
deeply rooted presumption in favor of concurrent state court
jurisdiction.  This presumption is, of course, rebutted if

III. <u>Conclusion</u>

The Plaintiffs' claims here could have been brought when the foreclosure was entered in 2018 or when they moved to vacate the sheriff's sale in 2019.  The claims are therefore barred under New Jersey law, and the motion to dismiss is granted.


IT IS on this 8th day of May, 2024, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.

---

Congress affirmatively ousts the state courts of jurisdiction over a particular federal claim.") (cleaned up).